**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ACADEMIA SINICA,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 2:26-cv-00397-JRG<br><br>JURY TRIAL DEMANDED |

**MICROSOFT CORPORATION'S ANSWER TO**
**COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Microsoft Corporation by and through its undersigned counsel, hereby files this Answer to the Complaint for Patent Infringement (the "Complaint," Dkt. No. 1) of Plaintiff Academia Sinica. Microsoft denies each and every allegation or characterization in the Complaint, unless expressly admitted herein. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that Academia Sinica may argue follow from the admitted facts. Microsoft denies that Academia Sinica is entitled to the requested relief or any other relief. The paragraphs are numbered to correspond to the numbered paragraphs of Academia Sinica's Complaint against Microsoft.

**NATURE OF ACTION**

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

**RESPONSE TO PARAGRAPH 1.**

Microsoft admits that the Complaint is styled as an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. Microsoft specifically denies

that it infringes any of Plaintiff's patents and denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2. This action arises from Microsoft's unauthorized and unlicensed use of Academia Sinica's patented technology in Microsoft's products and services, including but not limited to the Visual Studio products, Visual Studio Code products, and any other Microsoft products and services that provide, incorporate, enable, or integrate Microsoft's code-completion, suggestion or selection functionality marketed or described as "IntelliSense," "IntelliCode," "whole-line completions," "code completion," "autocomplete," "predictive text," or substantially similar functionality (collectively, the "Accused Products"). The marketing, testing, importation, use, and sale of such products and services within the United States infringes the intellectual property rights of Academia Sinica.

**RESPONSE TO PARAGRAPH 2.**

Microsoft admits that Microsoft has offered the Visual Studio series of products to the public. Microsoft admits that Visual Studio includes features entitled "IntelliSense" and "IntelliCode.". Microsoft denies any remaining allegations set forth in Paragraph 2 of the Complaint.

3. By this action Plaintiff seeks money damages, exemplary damages, and attorneys' fees arising from Defendant's patent infringement under the Patent Act, 35 U.S.C. §§ 271, 283–285.

**RESPONSE TO PARAGRAPH 3.**

Microsoft admits that the Plaintiff seeks damages in its Complaint. Microsoft denies the remainder of the allegations in Paragraph 3 of the Complaint.

## THE PARTIES

### Plaintiff Academia Sinica

4. Plaintiff Academia Sinica is a leading research academy dedicated to spearheading national academic research, cultivating elite research and development ("R&D") talent, and advancing frontier science and technology. It is headquartered at No. 128, Section 2, Academia Road, Nangang District, Taipei City 115201, Taiwan.

**RESPONSE TO PARAGRAPH 4.**

Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies all such allegations.

5. Founded in 1928, Academia Sinica supports research activities in a broad array of disciplines. With over 8,000 scientists, engineers, research fellows, and professional staff, Academia Sinica currently comprises 33 research institutes and centers, spanning Mathematics and Physical Sciences, Engineering Sciences, Life Sciences, and the Humanities and Social Sciences.

**RESPONSE TO PARAGRAPH 5.**

Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies all such allegations.

6. As a cornerstone of the global scientific network, Academia Sinica maintains deep cross-border partnerships with elite academic institutions and leading global technology corporations. Academia Sinica has entered into cooperation agreements with 65 countries and over 650 domestic and international research organizations, including, for example, its collaboration with the United States's Cancer Moonshot initiative to research and develop precision cancer diagnoses and treatments.

**RESPONSE TO PARAGRAPH 6.**

Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies all such allegations.

7. Academia Sinica's impact is recognized by a number of global benchmarks. The institution is ranked 18th in the World's Most Innovative Research Institutions list published by Reuters (last updated 2019). According to Field-Weighted Citation Impact (FWCI) metrics, Academia Sinica achieved a score of 1.49 in 2024, indicating that its research impact exceeds the global average by 49%. In the same year, 71.4% of its research outputs were published in Q1 (top 25%) international journals, with 12.8% of its papers ranking within the top 10% of the world's most highly cited publications

**RESPONSE TO PARAGRAPH 7.**

Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies all such allegations.

8. Academia Sinica's prominence as a leading research institution is further evidenced by its 291 Academicians—lifelong honorary leaders in their fields—including four Nobel Laureates, two Wolf Prize winners, and recipients of the A.M. Turing Award and the Fields Medal. Furthermore, the fellowship includes 51 members of the U.S. National Academy of Sciences (NAS) and 45 members of the U.S. National Academy of Engineering (NAE), underscoring its status as a global benchmark in the academic community

**RESPONSE TO PARAGRAPH 8.**

Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies all such allegations.

9. Academia Sinica, primarily through its Institute of Information Science (IIS) and the Research Center for Information Technology Innovation (CITI), has dedicated extensive resources to pioneering advanced information processing technologies, such as language and information processing, natural language understanding, human-computer interactions, and computer communication and networking. These R&D achievements represent significant scientific and economic value, evidenced by publications at top-tier conferences and a comprehensive patent portfolio. Academia Sinica regards the protection of its intellectual property as essential to preserving the integrity of its research and ensuring that the institution and its scientists receive proper recognition and fair compensation. Its dedicated Department of Intellectual Property and Technology Transfer manages a global patent portfolio that, as of 2024, includes more than 1,700 active patents across 44 countries. Notably, over the past decade, the institution has filed 1,207 patents and been granted 1,023 patents, with 241 of those patents granted in the U.S. The institution has also executed 2,276 technology transfers (including licenses and material transfer agreements). This record underscores Academia Sinica's standing as a recognized center of innovation and reflects its commitment to making its innovations available to the public through authorized channels

**RESPONSE TO PARAGRAPH 9.**

Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies all such allegations.

10. Academia Sinica's preferred approach to intellectual property management is collaborative, but when entities use its patented technologies without authorization, it is prepared to enforce its rights through litigation. The safeguard of Academia Sinica's innovations is not only a defense of the institution's academic dignity but a necessary means to ensure fair competition

within the industry. Academia Sinica brings this action to vindicate its patent rights and to ensure that those who benefit from its technological contributions do so on fair and lawful terms.

**RESPONSE TO PARAGRAPH 10.**

Microsoft denies that it has infringed the patents-in-suit and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 10 of the Complaint, and therefore denies all remaining allegations of this paragraph.

**Defendant Microsoft Corporation**

11. On information and belief, Defendant Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft is a multinational technology company that produces computer software and consumer electronics.

**RESPONSE TO PARAGRAPH 11.**

Microsoft admits the allegations of Paragraph 11 of the Complaint.

12. On information and belief, Microsoft (including its subsidiaries) directly and/or indirectly develops, designs, manufactures, uses, distributes, markets, offers to sell, and/or sells the Accused Products in the United States, including in this District, and otherwise purposefully directs infringing activities to this District in connection with its software and devices.

**RESPONSE TO PARAGRAPH 12.**

Microsoft admits that it develops, designs, manufactures, uses, distributes, markets, offers to sell, and sells the Accused Products in the United States. Microsoft admits that it directly or indirectly sells the Accused Products in this District. Microsoft denies that Microsoft or any of its subsidiaries have committed any acts of infringement in this District, the State of Texas, or

elsewhere, either directly or indirectly. Microsoft denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13. On information and belief, Microsoft is registered to conduct business in the state of Texas and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**RESPONSE TO PARAGRAPH 13.**

Microsoft admits—for purposes of this litigation only—that it may be served through its agent for service of process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Microsoft denies any remaining allegations set forth in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14. This is an action containing claims for patent infringement arising under the patent laws of the United States, Title 35, U.S.C. § 271. This Court has exclusive subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1367, and/or 1338.

**RESPONSE TO PARAGRAPH 14.**

Microsoft admits that the Complaint is styled as an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The allegation that this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338 states a legal conclusion to which no response is required; to the extent a response is required, Microsoft admits—solely for purposes of this action—that the Court has subject-matter jurisdiction under those statutes. Microsoft specifically denies that it infringes any of Academia Sinica's patents and denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. This Court has personal jurisdiction over Defendant because Defendant, directly and through its subsidiaries or intermediaries, including distributors, retailers, and others, conducts its business throughout the United States, including within the State of Texas; has committed in this District the acts of patent infringement that have given rise to this action; has engaged in systematic and continuous business contacts within this District; and has established minimum contacts with this forum such that exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

**RESPONSE TO PARAGRAPH 15.**

Microsoft admits—for purposes of this action only—that this Court has personal jurisdiction over Microsoft. Microsoft admits that it sells and offers to sell products and services throughout the United States, including in Texas. Microsoft specifically denies that it has committed acts of infringement in this District, the State of Texas, or elsewhere, and denies any remaining allegations set forth in Paragraph 15 of the Complaint.

16. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant has a regular and established place of business in this District and has committed acts of infringement within this District.

**RESPONSE TO PARAGRAPH 16.**

Microsoft denies that it has committed any acts of infringement in this District or the State of Texas, or anywhere else. Microsoft does not assert that venue is improper, but denies that venue is convenient. Microsoft denies any remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendant has had and continues to have significant contact with the State of Texas through its U.S.-based websites, U.S.-based sales, and distribution of its Accused Products, including its Visual Studio products and services, throughout the U.S. and in this District, and has purposefully availed itself of Texas's laws.

**RESPONSE TO PARAGRAPH 17.**

Microsoft admits that it sells, offers to sell, and distributes products and services, including Visual Studio, throughout the United States, including in Texas. Microsoft specifically denies that it has committed any acts of infringement in this District or the State of Texas, or elsewhere, and denies any remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendant offers its products and services throughout Texas, including this District, by shipping, distributing, offering for sale, selling, and advertising its products and services through its website that is accessible within this District, and through its physical business locations within this District.

**RESPONSE TO PARAGRAPH 18.**

Microsoft admits that it ships, distributes, offers to sell, sells, and advertises its products and services throughout the United States, including in Texas, and admits that its website is accessible within this District. Microsoft specifically denies that it has committed any acts of infringement in this District or the State of Texas, or elsewhere, and denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Upon information and belief, Defendant has also committed acts of infringement in this District by inducing and contributing to infringement by customers and end users located in this District, including commercial entities, universities, and local governmental bodies, to use the Accused Products in a manner that practices one or more asserted claims. Upon information

and belief, Defendant has done so by, *inter alia*, offering for sale and selling the Accused Products to such users in the District, and by providing documentation, user guides, updates, technical support, and other instructions and encouragement for use of the Accused Products in the ordinary course of business, including, *e.g.*, software development and related activities.

**RESPONSE TO PARAGRAPH 19.**

Microsoft denies each and every allegation in Paragraph 19 of the Complaint.

20. Defendant operates Microsoft Windows Stores in Best Buy stores in the State of Texas, including in this District. The Microsoft Windows Stores operated by Defendant within Best Buy stores are regular and established places of business for Defendant. These Microsoft Windows Stores have been described by Defendant as a "comprehensive store-within-a store . . . for consumers to see, try, compare and purchase a range of products and accessories."[1] Defendant has further described the Windows Stores as "a department-level takeover within Best Buy stores," noting that a unique feature of the Windows Stores includes "1,200 staff on hand to provide a great customer experience."[2] Defendant maintains its distinct business identity at these locations, renting the space from Best Buy and holding out its Windows Stores as discrete retail locations.[3] Defendant has also noted that "[f]or those without a Microsoft retail store nearby, this is a great option for hands-on tryouts of popular devices and services."[4] Further, Defendant is responsible

---

[1] *Microsoft and Best Buy Announce the Windows Store Only at Best Buy*, MICROSOFT (June 13, 2013), https://news.microsoft.com/source/2013/06/13/microsoft-and-best-buy-announce-thewindows-store-only-at-best-buy-2/.

[2] *Talking Retail: The New Windows Store Only at Best Buy,* MICROSOFT (June 13, 2013), https://blogs.windows.com/windowsexperience/2013/06/13/talking-retail-the-new-windowsstore-only-at-best-buy/.

[3] *Id.*

[4] Windows Store Only at Best Buy Launches, with Apps that Help Students Stay Fit as They Go Back to School, MICROSOFT (Aug. 7, 2013), https://blogs.microsoft.com/blog/2013/08/07/windows-store-only-at-best-buy-launches-withapps-that-help-students-stay-fit-as-they-go-back-to-school/.

for and controls the day-to-day operations of such stores, including, e.g., its "own pricing and merchandise."[5] According to Microsoft, the Windows Store "can be found in 500 U.S. Best Buy locations.[6]

**RESPONSE TO PARAGRAPH 20.**

Microsoft admits that Paragraph 20 appears to cite: (i) a Microsoft news post titled "Microsoft and Best Buy announce the Windows Store only at Best Buy;" (ii) a Minnesota Star Tribune article titled "Best Buy Bets Big on Store-Within-Store Concepts"; and (iii) a Microsoft news post titled "Windows Store Only at Best Buy Launches, with Apps that Help Students Stay Fit as They Go Back to School"; including quotations therefrom. Microsoft denies that "Microsoft Windows Stores" are "regular and established places of business for [Microsoft]." Microsoft denies that it is responsible for day-to-day operations of the Best Buy stores. Microsoft denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Best Buy locations with advertised Windows Stores in this District, include, for example, 190 E Stacy Rd, Allen, Texas 75002 (Sherman Division); 5514 S Broadway Ave, Tyler, Texas 75703 (Tyler Division); and 5885 Eastex Fwy, Beaumont, Texas 77706 (Beaumont Division)

---

[5] *Best Buy Bets Big on Store-Within-Store Concepts,* MINN. STAR TRIBUNE (July 14, 2013), https://www.startribune.com/best-buy-bets-big-on-store-within-store-concepts/215301161.

[6] *Windows Store Only at Best Buy Launches, with Apps that Help Students Stay Fit as They Go Back to School*, MICROSOFT (Aug. 7, 2013), https://blogs.microsoft.com/blog/2013/08/07/windows-store-only-at-best-buy-launches-withapps-that-help-students-stay-fit-as-they-go-back-to-school/.




BEST BUY, https://stores.bestbuy.com/tx/allen/190-e-stacy-rd-1780.html (last visited Apr. 26, 2026)




BEST BUY, https://stores.bestbuy.com/tx/tyler/5514-s-broadway-ave-246.html (last visited Apr. 26, 2026)




BEST BUY, https://stores.bestbuy.com/tx/beaumont/5885-eastex-fwy-238.html (last visited Apr. 26, 2026)

**<u>RESPONSE TO PARAGRAPH 21.</u>**

Microsoft admits that Paragraph 21 appears to include screenshots from, and to refer to, Best Buy store webpages and their corresponding web addresses. Microsoft denies that it operates "Microsoft Windows Stores" within Best Buy retail locations in this District. Microsoft denies that it operates "Microsoft Windows Stores" at 190 E Stacy Rd, Allen, Texas 75002; 5514 S Broadway Ave, Tyler, Texas 75703; and 5885 Eastex Fwy, Beaumont, Texas 77706. Microsoft denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Furthermore, in 2025, Defendant owned significant business property in this District, valued at millions of dollars, including in Collin County, Denton County, and Grayson County.




| Property ID | Geo ID | Type | Owner Name | Owner ID | Situs Address | Legal Description | Appraised |
|---|---|---|---|---|---|---|---|
| 2716796 | P-9000-215-3426-1 | P | MICROSOFT CORPORATION | 758841 | 2800 CENTRAL EXPY, PLANO TX 75074 | BPP AT 2800 CENTRAL EXPY | $46,083 |
| 2717892 | P-9000-215-3502-1 | P | MICROSOFT CORPORATION | 758841 | 3333 PRESTON RD 00200, FRISCO TX 75034 | BPP AT 3333 PRESTON RD | $10,575 |
| 2734151 | P-9000-216-1140-1 | P | MICROSOFT CORPORATION | 758841 | 1751 N CENTRAL EXPY 0000C, MCKINNEY TX 75070 | BPP AT 1751 N CENTRAL EXPY | $12,068 |
| 2734152 | P-9000-216-1141-1 | P | MICROSOFT CORPORATION | 758841 | 190 E STACY RD 03000, ALLEN TX 75002 | BPP AT 190 E STACY RD | $7,243 |
| 2827989 | P-9000-221-1449-1 | P | MICROSOFT CORPORATION | 758841 | 2800 SUMMIT AVE, PLANO TX 75074 | BPP AT ALIGNED DATA CENTER | $1,698,119 |



COLLIN CAD, https://esearch.collincad.org/ (last visited Apr. 26, 2026) (search results for "Microsoft").




| SEQ | Year | PropID | Owner Name | DBA | Property Address | City | Market Value | Appraised Value |
|---|---|---|---|---|---|---|---|---|
| 4 | 2025 | 685248 | MICROSOFT CORPORATION | MICROSOFT CORPORATION | 6060 LONG PRAIRIE RD | FLOWER MOUND | $23,860 | $23,860 |
| 1 | 2025 | 668435 | MICROSOFT CORPORATION | MICROSOFT CORPORATION | 2601 S STEMMONS FWY | LEWISVILLE | $10,008 | $10,008 |
| 2 | 2025 | 668581 | MICROSOFT CORPORATION | MICROSOFT CORPORATION | 1800 S LOOP 288 | DENTON | $10,008 | $10,008 |
| 3 | 2025 | 682720 | MICROSOFT CORPORATION | MICROSOFT CORPORATION | 5299 ELDORADO PKWY | FRISCO | $5,966 | $5,966 |

DENTON CENTRAL APPRAISAL DISTRICT, https://www.dentoncad.com/property-search (last visited Apr. 26, 2026) (search results for "Microsoft").




| Property ID | Geo ID | Type | Owner Name | Owner ID | Situs Address | Legal Description | Appraised |
|---|---|---|---|---|---|---|---|
| 381644 | 6P381644 | P | MICROSOFT CORP | 395307 | 823 NORTHCREEK DR, SHERMAN TX 75092 | BUSINESS PERSONAL PROPERTY MICROSOFT CORP LOCATED AT BEST BUY #1023 823 NORTHCREEK DRIVE SHERMAN TX SSH | $14,351 |

GRAYSON CAD, https://graysonappraisal.org/property-search/ (last visited Apr. 26, 2026) (search results for “Microsoft”).

**RESPONSE TO PARAGRAPH 22.**

Microsoft admits that Paragraph 22 of the Complaint appears to contain a screenshot from the identified hyperlinks to Collin Central Appraisal District’s website, Denton CAD Property Search’s website, and Grayson CAD’s website, respectively. Microsoft denies the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant has continued to direct business activities towards this District. Defendant’s substantial business in this District and the State of Texas in conjunction with its infringing activities in this District are such that Defendant is subject to this Court’s general and specific jurisdiction and the Texas Long Arm statute.

**RESPONSE TO PARAGRAPH 23.**

Microsoft admits—for purposes of this action only—that this Court has personal jurisdiction over Microsoft. Microsoft admits that it sells and offers to sell products and services throughout the United States, including in Texas. Microsoft denies that it has committed acts of

infringement in this District, the State of Texas, or elsewhere, and denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant has previously consented to litigation in this District. *See, e.g.*, *ToutVirtual, Inc. v. Microsoft Corp.*, No. 2-25-cv-00943-RWS-RSP, Dkt. 9 at ¶¶ 3–19 (E.D. Tex. Oct. 31, 2025) (not contesting venue and admitting to personal jurisdiction in E.D. Tex. for purposes of the case); *Dialect, LLC v. Microsoft Corp.*, 2:24-cv-01067-JRG, Dkt. 13 at ¶¶ 12–16 (E.D. Tex. May 19, 2025) (admitting to personal jurisdiction in E.D. Tex. for purposes of the case).

**RESPONSE TO PARAGRAPH 24.**

Microsoft admits that it has previously consented in the two named cases, *ToutVirtual, Inc. v. Microsoft Corp.* and *Dialect, LLC v. Microsoft Corp.*, to litigation in this District for the purposes of those cases specifically. Microsoft denies the remaining allegations in Paragraph 24 of the Complaint.

## FACTUAL ALLEGATIONS

### Academia Sinica's Patented Technology

25. U.S. Patent No. 8,364,468 (the "'468 Patent"), titled "Typing Candidate Generating Method for Enhancing Typing Efficiency," was filed on September 27, 2006. The '468 Patent duly issued on January 29, 2013. The '468 Patent was granted an extended term through October 14, 2029. A true and correct copy of the '468 Patent is attached hereto as Exhibit A.

**RESPONSE TO PARAGRAPH 25.**

Microsoft admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 8,364,468 (the "'468 Patent"). Microsoft admits that the face of the '468 Patent indicates that it is titled "Typing Candidate Generating Method for Enhancing Typing Efficiency" and that the face of the '468 Patent indicates that the issue date is January 29, 2013. Microsoft admits that the face

of the ’486 patent states that “the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 1113 days.” Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and therefore denies all such allegations.

26. U.S. Patent No. 8,594,999 (the “’999 Patent”) (together, with the ’468 Patent, the “Asserted Patents”), also titled “Typing Candidate Generating Method for Enhancing Typing Efficiency,” was filed on December 10, 2012 and claims priority to the ’468 Patent. The ’999 Patent duly issued on November 26, 2013. A true and correct copy of the ’999 Patent is attached hereto as Exhibit B.

**RESPONSE TO PARAGRAPH 26.**

Microsoft admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 8,594,999 (the “’999 Patent”). Microsoft admits that the face of the ’999 Patent indicates that it is titled “Typing Candidate Generating Method for Enhancing Typing Efficiency” and that the face of the ’468 Patent indicates that the issue date is November 26, 2013. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint, and therefore denies all such allegations.

27. The inventor of the Asserted Patents, Dr. Wen-Lian Hsu, is a distinguished scientist in the area of information processing technologies with multiple publications and patents to his name. After receiving his B.S. degree from National Taiwan University and his M.S. and Ph.D. degrees from Cornell University, Dr. Hsu went on to hold several academic and research appointments in the United States and Europe at various prestigious institutions, including as a tenured associate professor at Northwestern University in the Department of Industrial Engineering and Management Sciences and as a visiting professor with Stanford University’s

Center for the Study of Language and Information. Dr. Hsu has also received multiple professional honors for his scientific achievements, including recognition as an Institute of Electrical and Electronics Engineers (IEEE) Fellow.

**RESPONSE TO PARAGRAPH 27.**

Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies all such allegations.

28. After joining Academia Sinica's Institute of Information Science in 1989, Dr. Hsu focused his research on advancing improved computer input methods. That research work emphasized text entry methods designed to overcome the hardware constraints common at the time, and received numerous recognitions and awards, including Outstanding Research Awards by the National Science Council (NSC) of Taiwan in 1991-1992, 1994-1995, and 1996-1997. As reported in the press at the time, Microsoft expressed interest in licensing Dr. Hsu's work.

**RESPONSE TO PARAGRAPH 28.**

Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies all such allegations.

29. At the time of Dr. Hsu's invention, the typing efficiency of alphabetic words on keyboards was easily hindered, for example, by incorrect spellings, typing errors, unknown spellings, and characters with diacritical marks (or accent marks). *See, e.g.*, Ex. A ('468 Patent), col. 1 ll. 15–27. To address this problem, among others, Dr. Hsu invented a subsequence-based approach for text entry as claimed in the Asserted Patents.

**RESPONSE TO PARAGRAPH 29.**

Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies all such allegations.

30. Specifically, the Asserted Patents claim technological improvements to text input processing by computer text systems that, unlike conventional systems at the time of the invention, enable the system to identify candidate word(s) for determining the desired word(s) based on the user inputting only a "subsequence" comprising fewer than all the characters from the desired word(s). Notably, the subsequence may comprise characters that are non-contiguous in the desired word(s) and/or characters that do not form an initial portion of the desired word(s). *Id.* at claims 1, 17; Ex. B ('999 Patent), claim 1. The patented methods thus improve the computer functionality of processing text input and output, for example, by making it such that the computer need only an input of an abbreviated subsequence, without matching an initial portion of the desired words or prior specification of candidate words, to generate candidate words for determining desired words.

**RESPONSE TO PARAGRAPH 30.**

To the extent the allegations of this paragraph seek to characterize the Asserted Patents, the specification and claims of the Asserted Patents speak for themselves. Microsoft denies the remaining characterizations and allegations of Paragraph 30 of the Complaint.

31. The patented methods identify the candidate word(s) for determining the desired word(s) by maintaining and searching a text storage for candidate word(s) based on the user's input. For example, the text storage includes text previously inputted by the user, such as from recent articles or paragraphs typed by the user, in order to, *e.g.*, match the typing habits of the user. *Id.* at col. 3 ll. 32–34, col. 7 ll. 34–50. In addition, unlike conventional systems, the searching of the text storage for candidate word(s) and for determining of the desired word(s) does not require prior specification of the candidate word(s) as the possible desired word(s). *Id.* at col. 7 ll. 34–50, claim 1. The text storage, for example, enables the retrieval of desired text based on any

subsequence of that desired text by searching the text storage for text the user typed before or that was stored in a specific user profile. *Id.* at col. 7 ll. 43–50. The text storage can also be trained or tested with a large number of sentences and words, including for acquiring statistical data associated with semantic properties of the sentences. *See, e.g.*, *id.* at col. 3 ll. 7–11, ll. 36–43.

**RESPONSE TO PARAGRAPH 31.**

To the extent the allegations of this paragraph seek to characterize the Asserted Patents, the specification and claims of the Asserted Patents speak for themselves. Microsoft denies the remaining characterizations and allegations of Paragraph 31 of the Complaint.

32. The patented methods may be used to retrieve candidate words in natural language, as well as computer-readable languages or "words," such as email addresses or URLs. *Id.* at col. 6 ll. 46–50, col. 8 ll. 39–45, claim 5. For example, in one embodiment of the claims, a typist that had previously typed the web URL "http://ias1.iis.sinica.edu.tw/hsu/" may desire to re-type the URL. The previously typed URL is stored as a reference, allowing the system to retrieve the previously typed URL as a candidate based on the typist simply typing a subsequence such as "shsu" without requiring the typist to specify in advance that the previously typed URL is a possible candidate for "shsu". *Id.* at col. 6 ll. 46–50.

**RESPONSE TO PARAGRAPH 32.**

To the extent the allegations of this paragraph seek to characterize the Asserted Patents, the specification and claims of the Asserted Patents speak for themselves. Microsoft denies the remaining characterizations and allegations of Paragraph 32 of the Complaint.

33. As further examples, the Asserted Patents describe determining probable candidate words by calculating an "edit distance" that represents an effort of inserting, deleting, or substituting characters of the input word to reach the probable candidate word. Ex. A ('468 Patent)

at col. 3 ll. 44–54. The Asserted Patents also describe calculating "similarity distances" between phonetic syllables of words, where a higher similarity distance between phonetic syllables indicates a lower effort of inserting, deleting, or substituting characters, and a lower similarity distance indicates a higher effort. *Id.* at col. 5 ll. 16–30. These similarity distances are then stored into a similarity matrix that is utilized to determine probable candidate words. *Id.* The Asserted Patents thus implement automatic ranking and selection of matches based on stored input, providing a specific technical improvement to the way computers operate over traditional text entry and search methods. These features improve computer functionality by making text candidate generation and text retrieval and input more efficient.

**RESPONSE TO PARAGRAPH 33.**

To the extent the allegations of this paragraph seek to characterize the Asserted Patents, the specification and claims of the Asserted Patents speak for themselves. Microsoft denies the remaining characterizations and allegations of Paragraph 33 of the Complaint.

34. The use of the claimed subsequence-based searching and text storage representing words and word sequences accepted from text input by the user for an improved method of generating text candidates and determining the desired text was not well-understood, routine, or conventional at the time of the invention. For example, unlike conventional text candidate generation methods at the time, the claimed inventions need only accept a subsequence of a desired text to search for candidates specific to the desired text, allowing for candidates to be retrieved, *e.g.*, as the user types. The inputted subsequence of the claimed methods comprises less than all the characters of the desired text, may be a non-contiguous subsequence of the characters from the desired text, and is not required to form an initial portion of the desired text, greatly expanding text retrieval functionality. *See, e.g.*, *id.* at claims 1, 17. Additionally, the claimed inventions search

and retrieve candidates for the desired text using a text storage maintained with text input from the user without pre-specification of any candidates as a possible result of the searching, improving the way the computer system stores and retrieves data. *See, e.g.*, *id.* at claim 1; Ex. B ('999 Patent), claim 1. The claims additionally specify that searching the text storage for candidate text can further include applying semantic properties and/or frequency of use of the stored text. The claimed invention thus provides significant advantages over conventional systems, including enhanced typing efficiency with improved text candidate generation using simplified inputs and reduced processing time by, for example, enabling the system to search for candidate words as the user types without requiring prior specification of any candidate as a possible search result, particularly for long words with many letters. *See, e.g.*, Ex. A ('468 Patent) at col. 6 ll. 33–50.

**RESPONSE TO PARAGRAPH 34.**

Microsoft denies the allegations of Paragraph 34 of the Complaint.

**Microsoft's Infringement of the Asserted Patent**

35. Microsoft's Visual Studio is a software tool, commonly referred to as an "integrated development environment" or "IDE," that helps software developers write computer programs. Upon information and belief, Visual Studio is used extensively in the software industry and holds the largest market share of the IDE market in the United States.

**RESPONSE TO PARAGRAPH 35.**

Microsoft admits that Visual Studio is an integrated development environment. Microsoft admits that Visual Studio is used extensively in the software industry Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint, and therefore denies all such allegations.

36. Upon information and belief, Microsoft offers Visual Studio in multiple editions and typically releases a new major version every few years. Visual Studio 2026 is the latest release. Older versions, including Visual Studio 2022, 2019, and 2017, remain under extended support.

**RESPONSE TO PARAGRAPH 36.**

Microsoft admits the allegations of Paragraph 36 of the Complaint.

37. Visual Studio includes an "IntelliSense" (and "IntelliCode") feature that automatically suggests and completes text. Upon information and belief, Visual Studio uses, for example, an "includes operation" to perform subsequence-based searches and retrieve candidate word sequences. For example, when a Visual Studio user wants to input the sequence of words "MyParentClass" without typing in the whole sequence again, the user can simply type the letters "pc," and Visual Studio will search for and retrieve potential matching sequences of words (e.g., "MyParentClass" and "MyParentClass2") that were entered previously. The search is performed on a subsequence of letters (e.g., "pc") to search for potential matching sequences of words, and does not require "pc" to form the initial portion of the desired word sequence (e.g., "MyParentClass" is retrieved even though "pc" does not form an initial portion of "MyParentClass")

**RESPONSE TO PARAGRAPH 37.**

Microsoft admits that Visual Studio includes features entitled IntelliSense and IntelliCode. Microsoft also admits that when a Visual Studio user wants to input the sequence of words "MyParentClass" without typing in the whole sequence again, the user can type the letters "pc," and Visual Studio will search for and retrieve potential matching sequences of words (e.g., "MyParentClass" and "MyParentClass2") that were entered previously. Microsoft denies any remaining allegations of Paragraph 37 of the Complaint.

**Communications Between Academia Sinica and Microsoft**

38. In October 2023, Academia Sinica, through its counsel, notified Microsoft of the Asserted Patents and the use of Academia Sinica's patented technology by Microsoft's Visual Studio products. Despite Academia Sinica's efforts to reach an appropriate resolution, it has been unable to do so and therefore brings this Complaint.

**RESPONSE TO PARAGRAPH 38.**

Microsoft admits that a letter dated October 6, 2023 was sent to Microsoft. Microsoft denies that it infringes the Asserted Patents, willfully or otherwise. Microsoft denies any remaining allegations set forth in Paragraph 38 of the Complaint.

**COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 8,364,468**

39. Academia Sinica realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

**RESPONSE TO PARAGRAPH 39.**

Microsoft realleges and incorporates by reference its responses to all preceding paragraphs of the Complaint.

40. The '468 Patent is valid and enforceable under United States Patent Laws.

**RESPONSE TO PARAGRAPH 40.**

Microsoft denies the allegations of Paragraph 40 of the Complaint.

41. Academia Sinica is the exclusive owner and assignee of all rights, title, and interest in and to the '468 Patent, including the right to collect for past damages.

**RESPONSE TO PARAGRAPH 41.**

Microsoft admits that Academia Sinica is listed as the assignee on the face of U.S. Patent No. 8,364,468. To the extent Paragraph 41 alleges or implies that the ’468 Patent is eligible, valid, enforceable, or infringed, Microsoft denies those allegations. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 41 of the Complaint, and therefore denies all such allegations.

42. On information and belief, Microsoft has directly and indirectly infringed the ’468 patent by making, using, testing, selling, offering for sale, and/or importing into the United States, without authority, products, methods performed by and/or attributable to equipment, and or services that practice one or more claims of the ’468 Patent, including but not limited to the Accused Products.

**RESPONSE TO PARAGRAPH 42.**

Microsoft denies the allegations of Paragraph 42 of the Complaint.

43. As a non-limiting example, on information and belief, Microsoft has infringed at least Claim 1 of the ’468 Patent. Microsoft, without authorization from Academia Sinica, has marketed, used, tested, offered for sale, sold, and/or imported into the U.S., including within this District, its Accused Products that infringe at least Claim 1 of the ‘468 Patent.

**RESPONSE TO PARAGRAPH 43.**

Microsoft denies the allegations of Paragraph 43 of the Complaint.

44. As a non-limiting example, Exhibit C is a claim chart detailing infringement of Claim 1 of the ’468 Patent in connection with the Accused Products based on publicly available information.

**RESPONSE TO PARAGRAPH 44.**

Microsoft admits that Exhibit C appears to be a claim chart comparing Claim 1 of the '468 Patent in connection with the Accused Products. Microsoft denies the remaining allegations set forth in Paragraph 44 of the Complaint.

45. Microsoft has actual knowledge of Academia Sinica's rights in the '468 Patent and details of the Accused Products' infringement of the '468 Patent based on at least the prior communications between the parties, the citation to the Taiwan-counterpart application publication (TW200816007A) of the '468 Patent in Microsoft's U.S. Pat. No. 9,009,591, as well as the filing and service of this Complaint.

**RESPONSE TO PARAGRAPH 45.**

Microsoft admits that a letter dated October 6, 2023 was sent to Microsoft that referred to the '468 Patent. Microsoft admits that Microsoft's U.S. Pat. No. 9,009,591 includes a citation to a Taiwanese patent application, TW200816007A. Microsoft denies that it has infringed the '468 patent, willfully or otherwise. Microsoft denies the remaining allegations set forth in Paragraph 45 of the Complaint.

46. On information and belief, by the foregoing acts, including its testing and use of the Accused Products, Microsoft has directly infringed, literally and/or under the doctrine of equivalents, the '468 Patent in violation of 35 U.S.C. § 271.

**RESPONSE TO PARAGRAPH 46.**

Microsoft denies the allegations of Paragraph 46 of the Complaint.

47. On information and belief, Microsoft has knowledge of the '468 Patent and indirectly infringes the '468 Patent by active inducement under 35 U.S.C. § 271(b) and/or § 271(f). For example, Microsoft has induced, caused, urged, encouraged, aided and abetted its direct and

indirect customers to make, use, test, sell, offer for sale and/or import the Accused Products. Microsoft has done so by acts, including but not limited to selling the Accused Products to its customers; marketing the Accused Products; and providing instructions, training materials, user guides, technical support, and other support to teach and otherwise encourage its customers to use the Accused Products in an infringing manner. *See, e.g.*, *IntelliSense in Visual Studio*, Microsoft Build 2026, https://learn.microsoft.com/en-us/visualstudio/ide/usingintellisense?view=visualstudio); Exhibit C. Such conduct by Microsoft was intended to and actually resulted in direct infringement, including the making, testing, using, selling, offering for sale, and/or importation of the Accused Products in the United States.

**RESPONSE TO PARAGRAPH 47.**

Microsoft admits that Exhibit C includes an exemplary infringement claim chart for the ’468 patent, such that the left column reflects claim 1 of the ’468 patent and the right column includes citations and screenshots from identified hyperlinks to Microsoft Learn’s website. Microsoft admits that Paragraph 47 appears to cite a Microsoft webpage titled “IntelliSense in Visual Studio” and a corresponding web address. Microsoft denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48. On information and belief, Microsoft has knowledge of the ’468 Patent and indirectly infringes by contributing to the infringement of, and continuing to contribute to the infringement of, one or more claims of the ’468 Patent under 35 U.S.C. § 271(c) and/or 271(f) by selling, offering for sale, and/or importing into the United States, the Accused Products. The subsequence-based code completion functionality of the Accused Products is a material component of Academia Sinica’s patented inventions, especially made and adapted for practicing the claimed text entry methods without any substantial non-infringing uses.

**RESPONSE TO PARAGRAPH 48.**

Microsoft admits that a letter dated October 6, 2023 was sent to Microsoft that referred to the '468 patent. Microsoft denies that it has ever indirectly infringed the '486 patent. Microsoft denies the remaining allegations set forth in Paragraph 48 of the Complaint.

49. On information and belief, Microsoft's infringement has, and continues to be, knowing, intentional and willful.

**RESPONSE TO PARAGRAPH 49.**

Microsoft denies the allegations of Paragraph 49 of the Complaint.

50. Microsoft's acts of infringement of the '468 Patent have caused and will continue to cause Academia Sinica damages, for which Academia Sinica is entitled to compensation pursuant to 35 U.S.C. § 284.

**RESPONSE TO PARAGRAPH 50.**

Microsoft denies the allegations of Paragraph 50 of the Complaint.

51. The circumstances surrounding Defendant's infringement are exceptional and, therefore, Plaintiff is entitled to enhanced damages and an award of attorney's fees pursuant to 35 U.S.C. § 285.

**RESPONSE TO PARAGRAPH 51.**

Microsoft denies the allegations of Paragraph 51 of the Complaint.

**COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 8,594,999**

52. Academia Sinica realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

**RESPONSE TO PARAGRAPH 52.**

Microsoft realleges and incorporates by reference its responses to all preceding paragraphs of the Complaint.

53. The ’999 Patent is valid and enforceable under United States Patent Laws.

**RESPONSE TO PARAGRAPH 53.**

Microsoft denies the allegations of Paragraph 53 of the Complaint.

54. Academia Sinica is the exclusive owner and assignee of all rights, title, and interest in and to the ’999 Patent, including the right to collect for past damages.

**RESPONSE TO PARAGRAPH 54.**

Microsoft admits that Academia Sinica is listed as the assignee on the face of U.S. Patent No. 8,594,999. To the extent Paragraph 54 alleges or implies that the ’999 Patent is eligible, valid, enforceable, or infringed, Microsoft denies those allegations. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 54 of the Complaint, and therefore denies all such allegations.

55. On information and belief, Microsoft has directly and indirectly infringed the ’999 patent by making, using, testing, selling, offering for sale, and/or importing into the United States, without authority, products, methods performed by and/or attributable to equipment, and or services that practice one or more claims of the ’999 Patent, including but not limited to the Accused Products.

**RESPONSE TO PARAGRAPH 55.**

Microsoft denies the allegations of Paragraph 55 of the Complaint.

56. As a non-limiting example, on information and belief, Microsoft has infringed at least Claim 1 of the ’999 Patent. Microsoft, without authorization from Academia Sinica, has

marketed, used, tested, offered for sale, sold, and/or imported into the U.S., including within this District, the Accused Products that infringe at least Claim 1 of the '999 Patent.

**RESPONSE TO PARAGRAPH 56.**

Microsoft denies the allegations of Paragraph 56 of the Complaint.

57. As a non-limiting example, Exhibit D is a claim chart detailing infringement of Claim 1 of the '999 Patent in connection with the Accused Products.

**RESPONSE TO PARAGRAPH 57.**

Microsoft admits that Exhibit D includes an exemplary infringement claim chart for the '999 patent, such that the left column reflects claim 1 of the '999 patent and the right column includes citations and screenshots from identified hyperlinks to Microsoft Learn's website. Microsoft denies the remaining allegations set forth in Paragraph 57 of the Complaint.

58. Microsoft has actual knowledge of Academia Sinica's rights in the '999 Patent and details of the Accused Products' infringement of the '999 Patent based on at least the prior communications between the parties, the citation to the Taiwan-counterpart application publication (TW200816007A) of the '999 Patent in Microsoft's U.S. Pat. No. 9,009,591, as well as the filing and service of this Complaint.

**RESPONSE TO PARAGRAPH 58.**

Microsoft admits that a letter dated October 6, 2023 was sent to Microsoft that referred to the '999 patent. Microsoft admits that Microsoft's U.S. Pat. No. 9,009,591 includes a citation to a Taiwanese patent application, TW200816007A. Microsoft denies that it has ever infringed the '999 patent, willfully or otherwise. Microsoft denies the remaining allegations set forth in Paragraph 58 of the Complaint.

59. On information and belief, by the foregoing acts, including its testing and use of the Accused Products, Microsoft has directly infringed, literally and/or under the doctrine of equivalents, the ’999 Patent in violation of 35 U.S.C. § 271.

**RESPONSE TO PARAGRAPH 59.**

Microsoft denies the allegations of Paragraph 59 of the Complaint.

60. On information and belief, Microsoft has knowledge of the ’999 Patent and indirectly infringes the ’999 Patent by active inducement under 35 U.S.C. § 271(b) and/or § 271(f). For example, Microsoft has induced, caused, urged, encouraged, aided and abetted its direct and indirect customers to make, use, test, sell, offer for sale and/or import the Accused Products. Microsoft has done so by acts, including but not limited to selling the Accused Products to its customers; marketing the Accused Products; and providing instructions, training materials, user guides, technical support, and other support to teach and otherwise encourage its customers to use the Accused Products in an infringing manner. *See, e.g.*, IntelliSense in Visual Studio, Microsoft Build 2026, https://learn.microsoft.com/en-us/visualstudio/ide/usingintellisense?view=visualstudio; Exhibit D. Such conduct by Microsoft was intended to and actually resulted in direct infringement, including the making, testing, using, selling, offering for sale, and/or importation of the Accused Products in the United States.

**RESPONSE TO PARAGRAPH 60.**

Microsoft admits that Exhibit D includes screenshots of IntelliSense in Visual Studio from the identified hyperlink to Microsoft Learn’s website. Microsoft admits that Paragraph 60 appears to cite a Microsoft webpage titled “IntelliSense in Visual Studio” and a corresponding web address. Microsoft denies the remaining allegations set forth in Paragraph 60 of the Complaint.

61. On information and belief, Microsoft has knowledge of the ’999 Patent and indirectly infringes by contributing to the infringement of, and continuing to contribute to the infringement of, one or more claims of the ’999 Patent under 35 U.S.C. § 271(c) and/or 271(f) by selling, offering for sale, and/or importing into the United States, the Accused Products. The subsequence-based code completion functionality of the Accused Products is a material component of Academia Sinica’s patented inventions, especially made and adapted for practicing the claimed text entry methods without any substantial non-infringing uses.

**RESPONSE TO PARAGRAPH 61.**

Microsoft admits that a letter dated October 6, 2023 was sent to Microsoft that referred to the ’999 patent. Microsoft denies that it has ever indirectly infringed the ’999 patent. Microsoft denies the remaining allegations set forth in Paragraph 61 of the Complaint.

62. On information and belief, Microsoft’s infringement has, and continues to be, knowing, intentional and willful.

**RESPONSE TO PARAGRAPH 62.**

Microsoft denies the allegations of Paragraph 62 of the Complaint.

63. Microsoft’s acts of infringement of the ’999 Patent have caused and will continue to cause Academia Sinica damages, for which Academia Sinica is entitled to compensation pursuant to 35 U.S.C. § 284.

**RESPONSE TO PARAGRAPH 63.**

Microsoft denies the allegations of Paragraph 63 of the Complaint.

64. The circumstances surrounding Defendant’s infringement are exceptional and, therefore, Plaintiff is entitled to enhanced damages and an award of attorney’s fees pursuant to 35 U.S.C. § 285.

**RESPONSE TO PARAGRAPH 64.**

Microsoft denies the allegations of Paragraph 64 of the Complaint.

**DEMAND FOR JURY TRIAL**

65. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

**RESPONSE TO PARAGRAPH 65.**

Microsoft is not required to provide a response to Academia Sinica's request for a trial by jury. However, Microsoft also requests a trial by jury.

**PRAYER FOR RELIEF**

Microsoft denies that Academica Sinica is entitled to any relief, including any of the relief sought in paragraphs (A) through (H) of Academica Sinica's prayer for relief. Microsoft denies the underlying allegations of Academica Sinica's prayer for relief against Microsoft. To the extent that any statement in the Prayer for Relief is deemed factual, Microsoft denies those statements. Microsoft further asks the Court to enter judgment in favor of Microsoft and award Microsoft its attorneys' fees as the prevailing party in the action.

**AFFIRMATIVE AND OTHER DEFENSES**

Microsoft's Affirmative Defenses are listed below. Microsoft reserves the right to amend this Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Microsoft, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Microsoft has the burden of proving the matter asserted.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Academia Sinica has failed to state a claim on which relief can be granted because Microsoft has not performed and is not performing any act in violation of any right validly belonging to Academia Sinica.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

Microsoft does not infringe and has not infringed, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, or otherwise, a valid and enforceable claim of the asserted patents.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity)**

The claims of Academia Sinica's patents are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**FOURTH AFFIRMATIVE DEFENSE**

**(Limitation on Damages and Other Relief)**

Academia Sinica's right to seek damages and other remedies from Microsoft is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498. Specifically, to the extent that Academia Sinica, its predecessors-in-interest, or its licensees failed to properly mark any of its relevant products with Academia Sinica's patents as required by 35 U.S.C. § 287, or otherwise give proper notice that Microsoft's actions allegedly infringed

Academia Sinica's patents, Microsoft is not liable for any of the allegedly infringing acts performed before it received actual notice of the alleged infringement.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Vicarious Liability)**

Microsoft is not vicariously liable to Academia Sinica for any conduct of Microsoft's affiliates, related entities, or subsidiaries.

**SIXTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

Academia Sinica's claims are barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, estoppel, laches, unclean hands, and/or other equitable doctrines.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement or Exceptional Case)**

Academia Sinica is not entitled to enhanced or increased damages under 35 U.S.C. § 284, or to recovery of attorneys' fees under 35 U.S.C. § 285. Microsoft has not engaged in any conduct that meets the applicable standard for willful infringement or that would render this an exceptional case. Microsoft has at all times acted in good faith. Further, Microsoft has not infringed any claim of the Asserted Patents, and Academia Sinica is therefore not entitled to enhanced or increased damages for willful infringement under 35 U.S.C. § 284, or recovery of attorneys' fees under 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

Academia Sinica is estopped, by reason of amendments, representations, statements, and admissions made during prosecution of the applications leading to the Asserted Patents, and any

application to which Academia Sinica's patents claim priority, from construing the claims of the Asserted Patents that would be brought enough to cover or include any Microsoft products alleged to infringe.

## RESERVATION OF RIGHTS

Microsoft reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and all other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation of the case.

## DEMAND FOR JURY TRIAL

Microsoft hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues so triable raised in the pleadings.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Excylyn J. Hardin-Smith*
Excylyn J. Hardin-Smith
NY Bar No. 4499208
hardin-smith@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070

Ahmed J. Davis
DC Bar No. 472321
davis@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW
Washington, DC 20021
Telephone: (202) 783-5070

Daniel H. Wade
MA Bar No. 709795
wade@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive, 17th Floor
Boston, MA 02210
Telephone: (617) 542-5070

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 13, 2026. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Excylyn J. Hardin-Smith*
Excylyn J. Hardin-Smith